**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Southern Division)



JUN 2 3 2020

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DEPOSIT BOX

---

SPECIALIZED LOAN SERVICING LLC

Plaintiff,

v.

SHANNON B. KRESHTOOL, ESQ., ANDREW R.
CORCORAN, ESQ., MATTHEW C. BROWNDORF,
ESQ.,

Defendants.

Civil Action No. 1:19-cv-03487-CBD

---

## ANSWER OF ANDREW R. CORCORAN

Defendant Andrew R. Corcoran ("Corcoran" or "Defendant") *pro se* hereby asserts his

Answer to the Plaintiff's complaint stating as follows:

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of

the allegations in Paragraph 1.

2. Defendant admits that BP Fisher Law Group ("BP Fisher") is a limited liability partnership

organized and existing under the laws of the State of Maryland with an office located in Prince

George's County, Maryland and upon information and belief that at some point in time BP Fisher

was engaged by SLS to perform legal services in Maryland but denies the remaining allegations

of Paragraph 2.

3. Defendant admits upon information and belief that LF Runoff 2, LLC (f/k/a Plutos Sama,

LLC, hereafter "LF") is a Delaware limited liability company headquartered in California whose

owners are all licensed attorneys and that upon information and belief Defendant Matthew C.

Browndorf ("Browndorf") was its managing member at some point in time and that LF is the

general member of BP Fisher but denies the remaining allegations of Paragraph 3.

1

4.  Defendant admits that upon information and belief Shannon B. Kreshtool ("Kreshtool") is an adult citizen of Maryland residing in Baltimore County and is a licensed attorney but denies the remaining allegations of Paragraph 4.

5.  Defendant admits he is an adult citizen of Maryland residing in Montgomery County and is a licensed attorney but denies the remaining allegations of Paragraph 5.

6.  Defendant admits that upon information and belief Browndorf is an adult citizen of the State of California residing in Orange County, California and is a Founder or LF and BP Fisher.

7.  Defendant admits that he and Defendants Browndorf and Kreshtool were at some point in time agents and/or employees of BP Fisher and that he was an agent and/or employee of LF but denies the remaining allegations of Paragraph 7.

8.  Defendant admits that he and Defendant Kreshtool were at some point in time doing business in Prince George's County, Maryland but denies the remaining allegations of Paragraph 8.

9.  Paragraph 9 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 9.

10. Paragraph 10 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 10.

11. Paragraph 11 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

2

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant admits that BP Fisher was involved in the residential foreclosure services business but denies the remaining allegations of paragraph 18.

19. Defendant states that the alleged Default Servicer Agreement (the "Agreement") speaks for itself and refers the Court to that document for the complete and accurate terms and provisions contained therein. To the extent a further response is required Defendant denies the allegations of Paragraph 19.

20. Defendant states that the Agreement speaks for itself and refers the Court to that document for the complete and accurate terms and provisions contained therein. To the extent a further response is required Defendant denies the allegations of Paragraph 20.

21. Paragraph 21 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 21.

22. Paragraph 22 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 22.

23. Paragraph 23 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 23.

24. Paragraph 24 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 24.

25. Paragraph 25 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 25.

26. Defendant states that the document referenced in Paragraph 26 speaks for itself and refers the Court to that document for the complete and accurate terms and provisions contained therein. Defendant denies the remaining allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 regarding BP Fisher, Browndorf or Kreshtool. Moreover, Paragraph 30 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.

31. Defendant admits the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Paragraph 33 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 33.

34. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 regarding Browndorf Kreshtool. Moreover, Paragraph 34 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 34.

35. Defendant repeats and realleges his responses to the prior paragraphs as if set forth herein.

36. Paragraph 36 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 36.

37. Paragraph 37 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 37.

38. Paragraph 38 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 38.

39. Paragraph 39 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 39.

40. Paragraph 40 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 40.

5

41. Defendant repeats and realleges his responses to the prior paragraphs as if set forth herein.

42. Paragraph 42 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 42.

43. Paragraph 43 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 43.

44. Paragraph 44 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 44.

45. Paragraph 45 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 45.

46. Defendant repeats and realleges his responses to the prior paragraphs as if set forth herein.

47. Paragraph 47 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 47.

48. Paragraph 48 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 48.

49. Paragraph 49 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 49.

50. Paragraph 50 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 50.

51. Defendant repeats and realleges his responses to the prior paragraphs as if set forth herein.

52. Paragraph 52 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 52.

53. Paragraph 53 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 53.

54. Paragraph 54 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 54.

55. Paragraph 55 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 55.

56. Paragraph 56 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 56.

57. Paragraph 57 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 57.

58. Paragraph 58 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 58.

59. Defendant repeats and realleges his responses to the prior paragraphs as if set forth herein.

60. Paragraph 60 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 60.

61. Paragraph 61 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 61.

62. Paragraph 62 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 62.

63. Paragraph 63 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 63.

64. Paragraph 64 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 64.

65. Paragraph 65 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 65.

66. Defendant repeats and realleges his responses to the prior paragraphs as if set forth herein.

67. Paragraph 67 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 67.

68. Paragraph 68 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 68.

69. Paragraph 69 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 69.

70. Paragraph 70 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 70.

71. Paragraph 71 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 71.

72. Defendant repeats and realleges his responses to the prior paragraphs as if set forth herein.

73. Paragraph 73 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 73.

74. Paragraph 74 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 74.

75. Paragraph 75 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 75.

76. Paragraph 76 contains legal assertions and conclusions of law (not factual allegations) as to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 76.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted because, among other things, Plaintiff lacks standing to bring this action.

### Second Affirmative Defense

Plaintiff has breached its contract with Defendants by, among other things, failing to make timely payments to Defendants for services rendered, unreasonably denying or delaying payments due Defendants and failing to satisfy the implied covenant of good faith and fair dealing.

### Third Affirmative Defense

Plaintiff's claims are barred in full or in part by the doctrine of contributory or comparative negligence because Plaintiff has negligently performed its obligations as a servicer of the underlying residential mortgage loans and failed to provide Defendants with the necessary information, support or assistance they need to prosecute the underlying foreclosure actions in an appropriate and proper manner.  Plaintiff's negligence has furthermore caused delays by Defendants in handling other client files because Plaintiff's negligent and combative conduct drained too much of Defendants resources and time.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of estoppel because Defendants reasonably relied on numerous misrepresentations by Plaintiff in connection with handling the foreclosure files at issue as well as misrepresentations made in connection with Plaintiff's desire to amicably work out the issues underlying this action.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of unclean hands because Plaintiff, among other things, unreasonably delayed and denied payments due Defendants thus causing and contributing to the financial hardships that led to Defendant BP Fisher's bankruptcy, set up file management systems and protocols that punished or penalized Defendants for merely trying to comply with their ethical and contractual obligations and caused further damage to Defendants by filing this action and proceeding with *ex parte* hearings before this Court without disclosing material facts to the Court and despite Defendants' open communications with Plaintiff.

### Sixth Affirmative Defense

Plaintiff failed to mitigate their damages for alleged delay damages because, among other things, Plaintiff was well aware of issues Defendants were facing but failed to move their files to other firms and failed to reasonably cooperate with Defendants with respect to necessary file movements processes.

### Seventh Affirmative Defense

Plaintiff's requests for equitable relief are barred because they have adequate remedies at law.

Andrew R. Corcoran (pro se)
3914 Blackthorn Street
Chevy Chase, MD 20815
E-Mail:  acorcoran@plutossama.com